**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 17a0002n.06

**Case No. 16-5174**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| SCOTT KRUEGER, | ) | **FILED**<br>Jan 03, 2017<br>DEBORAH S. HUNT, Clerk |
| | ) | |
| *Plaintiff-Appellant*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| HOME DEPOT USA, INC.; HAYDN | ) | DISTRICT OF KENTUCKY |
| CHILCOTT; JEREMY MILLAY, | ) | |
| | ) | |
| *Defendants-Appellees*. | ) | |
| | ) | O P I N I O N |

BEFORE: COLE, Chief Judge; BOGGS and SILER, Circuit Judges.

COLE, Chief Judge. Scott Krueger filed suit against Home Depot USA, Inc. ("Home Depot"), Haydn Chilcott, and Jeremy Millay[1] asserting claims for discrimination on the basis of a perceived disability, retaliation, promissory estoppel, and hostile work environment under the Kentucky Civil Rights Act ("KCRA"). Home Depot moved to dismiss Krueger's amended complaint for failure to state a claim. The district court granted the motion, finding that the complaint failed to state a claim on which relief could be granted. Krueger appealed the district court's decision as to the claims of discrimination on the basis of a perceived disability,

---

[1] Because the district court dismissed the claims against Chilcott and Millay pursuant to Fed. R. Civ. P. 4(m), and Krueger only challenges the district court's dismissal of his claims under Fed. R. Civ. P. 12(b)(6), Krueger has waived any challenges to the district court's dismissal of Millay and Chilcott.

retaliation, and hostile work environment, but did not appeal the court's decision on the promissory-estoppel claim.

On appeal Krueger argues that the district court used the wrong standard of review when evaluating the sufficiency of his claims of discrimination on the basis of a perceived disability, retaliation, and hostile work environment. Krueger also argues on appeal that he has pleaded sufficient facts to state a claim for each of those three causes of action. Because the district court applied the proper standard of review for a motion to dismiss and correctly found that Krueger's claims fail to state a claim upon which the court could grant relief, we affirm the district court's dismissal of the complaint.

## I. BACKGROUND

Krueger made the following allegations in his amended complaint. He worked for Home Depot as a store manager at its Westport Road, Louisville location from May 2006 to April 2014. **[Am. Compl., R. 14, PageID 72.]** Krueger alleges that he reported his supervisor, Tim Choate, for abusive behavior towards employees in November 2013. **[*Id.* at 73.]** In December 2013, Haydn Chilcott, Home Depot's Regional Vice President, terminated Choate for bullying Home Depot employees. **[*Id.*]** Krueger alleges that after Choate was fired, Chilcott began micro-managing Krueger at work. **[*Id.*]**

On April 4, 2014, Jeremy Millay, a Home Depot District Manager, informed Krueger that Home Depot would fire him within the next three weeks. **[*Id.*]** Four days later, Krueger reported to Home Depot's President that many of the projects that Millay had initiated in Chilcott's region were prohibited under the Project Simplification initiative. **[*Id.* at 74.]** On April 15, 2014, Erin Porter Izen from the company's Confidential Business Solutions Line asked Krueger if he was

comfortable with his concerns being raised directly with Chilcott. **[*Id.*]** Krueger believed that if his concerns were raised with Chilcott, he would be fired. **[*Id.*]**

On April 21, 2014, Krueger asked Millay when he would be terminated. Millay said he would not be terminated that day and that he could talk to Krueger on Monday. Krueger replied that "this is bullshit," to which Millay said that Krueger was making it easy to fire him. (Am. Compl., R. 14, PageID 74.) Millay reported this conversation to Home Depot as a threat of violence. **[*Id.* at 74-5.]** Kevin Kastle, Regional Associate Relations Manager for Home Depot, placed Krueger on administrative leave on April 21, 2014. **[*Id.* at 75.]** Krueger was told that he had to undergo a psychological evaluation before he could return to work. **[*Id.*]** Kastle noted that Krueger was noticeably upset when Kastle placed him on administrative leave and told him that he would have an opportunity to state his concerns and make a statement explaining his leave when he returned to work. **[*Id.*]** Later in his complaint, Krueger refers to this administrative leave as "medical leave" and alleges that Home Depot told others he was on medical leave. (*Id.* at 77.) Kastle told Krueger that he would be provided further rules on the terms of his leave and that if he violated those terms he would be terminated immediately. **[*Id.* at 75.]** On April 23, 2014, Krueger completed the mandatory psychological evaluation and was declared "sane and not a threat to anyone." (*Id.* at 76.) Krueger emailed Kastle, asking when he could return to work but did not get a response. **[*Id.*]**

Starting on April 21, 2014, and continuing multiple times per day after that, Krueger requested a copy of the terms of his leave. **[*Id.* at 75.]** He contacted Kastle, Ellison, Divisional Associate Relations Director Camille May, and District Human Resource Manager Kelly Gibson, but never received information he requested. **[*Id.*]** On April 28, 2014, May asked Krueger about his April 4th conversation with Millay, in which he was informed he would be

terminated. **[*Id.* at 76.]** Later that day, Millay and Gibson told Krueger that he would be terminated for violating the company's respect policy. **[*Id.*]** Home Depot then instructed its employees not to associate with Krueger. **[*Id.* at 77.]** Krueger requested an exit interview, but Home Depot refused him one. **[*Id.* at 76.]** On May 2, 2014, Mike Dalton, Assistant General Counsel, gave Krueger a Notice of Trespass instructing him to cease and desist contact with all Home Depot stores and employees. **[*Id.* at 77.]**

Krueger asserted claims for relief in four counts in his amended complaint: (1) discrimination on the basis of a perceived disability, (2) retaliation, (3) promissory estoppel, and (4) hostile work environment. The district court granted Home Depot's motion to dismiss on all four counts, finding that Krueger had failed to state a claim upon which relief could be granted. Krueger challenges the district court's decision on his discrimination, retaliation, and hostile- work-environment claims.

## II. ANALYSIS

This court reviews a district court's "decision to dismiss [a] complaint de novo." *Louisiana Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 477 (6th Cir. 2010). At this stage, we generally assume that a complaint's non-conclusory allegations are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). A complaint will survive a motion to dismiss if the plaintiff "alleges facts that 'state a claim to relief that is plausible on its face' and that, if accepted as true, are sufficient to 'raise a right to relief above the speculative level.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). This plausibility standard requires the plaintiffs to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Krueger brings his claims under the KCRA, which states in relevant part that "it is an unlawful practice for an employer [t]o fail or refuse to hire or to discharge any individual, or otherwise to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because . . . the person is a qualified individual with a disability." Ky. Rev. Stat. Ann. § 344.040(1)(a). Section 344.280 prohibits retaliation against an employee "because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." Ky. Rev. Stat. Ann. § 344.280(1).

On appeal, Krueger argues that the district court used the wrong standard of review when evaluating Home Depot's motion to dismiss, and that he has met the plausibility pleading standard as to each of his claims. Krueger argues that the district court "dismissed Count I due to Krueger's alleged failure to plead facts establishing that he has a 'disability' under the ADA, as well as, dismissed Counts II and IV based on his alleged failure to plead facts establishing he 'engaged in some form of protected activity,'" which required him to plead a prima facie case for each of those three claims. (Krueger Br. 11.) Krueger's claim is meritless.

Krueger correctly points out that a prima facie case under the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), framework is an evidentiary standard, not a pleading standard. *See Swierkiewicz v. Sorema N. Am.*, 534 U.S. 506, 510 (2002). In *Swierkiewicz*, the Second Circuit explicitly followed its own precedents, which required the petitioner to plead a prima facie case of discrimination in order to survive a motion to dismiss. *Id.* The Supreme Court overturned the Second Circuit's decision because it found that requiring plaintiffs to allege a prima facie case went above the pleading standard necessary to survive a motion to dismiss. *Id.* at 511.

However, the district court here did not mention the prima facie standard or *McDonnell Douglas* in its dismissal of the amended complaint and reiterated this in its opinion on Krueger's motion to vacate. (*See* Dist. Ct. Op. on Mot. to Dismiss, R. 29, PageID 203-13; Dist. Ct. Op. on Mot. to Vacate, R. 34, PageID 238-40.) Rather, the district court held that "[t]he facts alleged by Krueger do not support the sweeping inferences and attendant legal implications which his brief promotes." (Dist. Ct. Op. on Mot. to Dismiss, R. 29, PageID 207.) Requiring Krueger to plead facts sufficient to state a claim for discrimination on the basis of a perceived disability does not require him to make a prima facie case, but rather requires that he meet the plausibility pleading standard. Under the KCRA an employer cannot terminate any individual because the person "is a qualified individual with a disability." Ky. Rev. Stat. Ann. § 344.040(1)(a). This court has found that "Kentucky protections for the disabled [are] consonant with the federal Americans with Disabilities Act [("ADA")]." *Henderson v. Ardco, Inc.*, 247 F.3d 645, 649 (6th Cir. 2001). In order to state a claim for discrimination on the basis of a perceived disability, Krueger must allege that the defendant regarded him as disabled. *See Cardenas-Meade v. Pfizer, Inc.*, 510 F. App'x 367, 371 (6th Cir. 2013).

The amended complaint alleges that Home Depot regarded Krueger as being of unsound mind and, as a result, Home Depot forced him onto medical leave and eventually terminated him "in part, because he reported bullying and because they believed him to be insane." (Am. Compl., R. 14, PageID 77.) Krueger's only factual assertions that Home Depot regarded him as being mentally disabled are that he was placed on administrative or medical leave, was required to undergo a psychological examination, and his words "this is bullshit," were reported as a threat of violence. Asking him to undergo a psychological evaluation is not enough to suggest that Home Depot regarded Krueger as mentally disabled. *See Sullivan v. River Valley Sch. Dist.*,

197 F.3d 804, 810 (6th Cir. 1999) ("Given that an employer needs to be able to determine the cause of an employee's aberrant behavior, this is not enough to suggest that the employee is regarded as mentally disabled."). Further, a statement reported as a threat of violence does not indicate that Home Depot regarded him as having a mental disability; at best it may indicate that they considered him dangerous. These alleged facts do not support the conclusory statement that Home Depot regarded Krueger as having a mental disability. Therefore, the court does not have to assume the truth of this conclusory allegation. Without that bare allegation, Krueger has failed to state a claim upon which relief may be granted. The district court, therefore, required Krueger to allege facts that would allow the court to infer on the face of the complaint that Home Depot regarded Krueger as having a disability. The court's analysis did not require him to make a prima facie case. Consequently, the district court applied the correct standard when it analyzed Krueger's claim of discrimination on the basis of a perceived disability and correctly found that he had failed to meet the plausibility standard of pleading. We therefore affirm the district court's dismissal of Krueger's perceived-disability claim.

Krueger also argues that evaluating his discrimination on the basis of a perceived-disability claim under the "regarded as" standard is no longer applicable as the ADA was amended in 2008. However, the Kentucky legislature adopted the language in the KCRA in 1992 and intended it to reflect the language of the ADA at that time, not the subsequent amendments. Thus, the KCRA retains the ADA's former definition of disability. *See Azzam v. Baptist Healthcare Affiliates, Inc.*, 855 F. Supp. 2d 653, 657 n.2 (W.D. Ky. 2012) ("The Court will not assume that the Kentucky legislature, by drafting language in 1992 that mirrored federal law at the time, *see* 1992 Ky. Acts 282, § 1, intended to incorporate federal legislative alterations

that occurred in 2008.") Krueger's argument is meritless and does not change the analysis for his discrimination on the basis of a perceived-disability claim.

Krueger alleges two other claims, retaliation and hostile work environment, based on the argument that Home Depot retaliated against him when he complained about the abusive remarks that Choate made. The district court correctly treats both of these claims as claims for retaliation under § 344.280(1).

Krueger argues that the district court applied the wrong standard to the claims, and that he made allegations sufficient to survive a motion to dismiss. The KCRA states that it is unlawful for an employer to "retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." Ky. Rev. Stat. Ann. § 344.280. To be engaged in a protected activity under the KCRA, the plaintiff must contest an unlawful employment practice. *See Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1313 (6th Cir. 1989). Krueger argues that requiring the amended complaint to allege a protected activity heightens the pleading standard to the prima facie evidentiary standard. Krueger's argument is wrong. The requirement that a protected activity be alleged is necessary to state a claim under the KCRA and therefore, does not heighten the pleading standard or reflect a prima facie evidentiary standard. The district court applied the correct standard in evaluating the sufficiency of the retaliation and hostile work environment claims.

Krueger failed to state a claim in both his retaliation and his hostile-work-environment claims. Krueger's allegation that he "br[ought] a complaint against his former superior for making abusive remarks towards him and others" does not constitute protected activity. (Am.

Compl., R. 14, PageID 78.) Making abusive remarks is not illegal under the KCRA, so making a complaint about such actions cannot constitute protected activity under the KCRA. *See* Ky. Rev. Stat. Ann. § 344.280. Consequently, Krueger has failed to state a claim for retaliation.

This reasoning also applies to the hostile-work-environment claim. Krueger alleges that he was subject to "unwelcome harassment" because of the complaint he filed, in violation of Ky. Rev. Stat. Ann. § 344. (Am. Compl., R. 14, PageID 79.) Again, even assuming that he was subject to a hostile workplace, Krueger can only state a claim if the harassment he endured stemmed from a protected activity under the KCRA. Krueger has not sufficiently made those allegations. The district court, therefore, correctly dismissed his hostile-work-environment claim for failure to state a claim upon which the court can grant relief.

### III. CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal of Krueger's amended complaint.